FRANCISCA CALDERÓN MOLINA ET AL., Plaintiffs and Appellants, *v.* FEDERAL LAND BANK OF BALTIMORE ET AL., Defendants and Appellees.

No. R-62-260.     Decided December 20, 1963.

R. R. *Rivera Correa* for appellants. *Feliciano González Arbona, José Trías Monge, Lino J. Saldaña,* and *Ricardo H. Francis* for the Federal Land Bank of Baltimore. *Miranda Cárdenas, Gallardo & Criscuolo* for Desiderio Álvarez Cruzat.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

The legitimate children and heirs of Francisco Calderón Osorio and Ramona Molina brought an action for nullity of judgment, revendication, and damages against The Federal Land Bank of Baltimore and Desiderio Álvarez Cruzat. It was alleged in the complaint that Francisco Calderón and his wife, Ramona Molina, were the owners of a certain property of 82 cuerdas in the Municipal District of Luquillo which was sold at public auction in an action brought by the Federal Land Bank of Baltimore to foreclose a mortgage on the said property; that when the action was prosecuted and summons served on the predecessor, Francisco Calderón Osorio, his wife Ramona Molina was already dead; that the service was made by a private person named Martín Reina Oquendo, who testified that he had made personal service on defendant Francisco Calderón Osorio; that he had taken all steps possible to serve notice on the unknown heirs of Ramona Molina, designated under the presumptive name of John Doe and Richard Doe; and that he was unable to serve notice on any of them because they were unknown and he could not locate them. That by virtue of this service the heirs of Ramona Molina, plaintiffs herein, were summoned by publication. That defendants' default having been entered, judgment was rendered for The Federal Land Bank ordering the sale at public auction of the said property, which was sold on October 26, 1937, and awarded to plaintiff Bank itself, represented in that act by its verbal agent Martín Reina, the same person who served the summons, and that the property was recorded in favor of the Bank with the curable defect that the deed of sale was not duly accepted by the purchaser. That codefendant Desiderio Álvarez Cruzat

is the present owner of the property and according to the registry he was advised of the defects of the title.

Plaintiffs alleged in the complaint that fraud and deceit had been committed upon the court in the sworn allegations of Martín Reina which served as basis to obtain the summons by publication of the heirs of Ramona Molina when he testified that he had taken all steps possible to serve notice on them, which steps he never took since if he had asked the widower and coheir Francisco Calderón Osorio, the latter as well as any other neighbor of the property would have informed him that his children lived on the same farm or in the neighboring town of Fajardo where they were known by everyone. It was alleged that the court did not acquire jurisdiction in the said proceeding because it was deceived for the purpose of obtaining the summons by publication used for unknown persons, when the heirs could be easily located, since a majority of them lived on the farm foreclosed; that the identity of at least one member of the succession, the widower, was known, and the whereabouts of his other six children and of his wife could be easily identified; that the agent himself of The Federal Land Bank of Baltimore made the negative service of summons.

Codefendant Desiderio Álvarez Cruzat answered and admitted that he was the owner of the property. He denied all the other facts. He alleged as defenses that if any cause of action existed, the same had prescribed; that he was a bona fide purchaser and as a third party he could not be held liable for the claim. Codefendant The Federal Land Bank answered admitting some of the allegations of the complaint and denying others. Among other special defenses it alleged that the action had prescribed.

The trial having been already set on the merits, codefendant The Federal Land Bank of Baltimore appeared and moved for judgment on the pleadings or summary judgment, alleging (1) that since the complaint was for the nullity of

judgment rendered in an ordinary mortgage foreclosure proceeding, the action for nullity prescribed after 15 years and it had already prescribed when it was brought 24 years later; (2) that the return of the property was not in order because it had been sold by the foreclosing creditor to a third-party mortgagee; and (3) because assuming that § 38 of the Mortgage Law were applicable, the action granted by that section had prescribed by the lapse of 15 years.

■ The trial court rendered summary judgment dismissing the complaint on the ground that the action had prescribed. The court said that we have held on different occasions that an action seeking the nullity of the summary foreclosure proceeding never prescribes (citations), but that since the action brought by The Federal Land Bank in 1936 was an ordinary mortgage foreclosure proceeding, the term to request the nullity of the judgment entered therein was 15 years. The motion for judgment on the pleadings or summary judgment was made only by codefendant Federal Land Bank. Codefendant Álvarez, presumptive third bona fide party, has not sought remedy in that sense.

The question involved is not limited to distinguishing between a summary mortgage proceeding and a mortgage foreclosure proceeding, through normal channels, for the purposes of prescription of the action challenging judgments. It involves the broadest aspect of the absolute nullity of a judgment and other orders in an action in which jurisdiction over the person or over the matter has never been acquired on any of the legal grounds which prevent the court from acquiring jurisdiction, even when there was deceit or fraud upon the court in the steps taken to serve the summons, which is what confers jurisdiction over the person of a defendant. We refer to the review of the matter which we made in *Hernández* v. *Zapater*, 82 P.R.R. 748 (1961), and to the holding therein.

■ Under Rule 49.2 of the Rules of Civil Procedure of 1958, amended January 24, 1961, a party may be relieved from the effects of a judgment, among other reasons, for fraud (intrinsic or extrinsic), and any other reason justifying the granting of a remedy against the effects of a judgment. Although the motion for relief must never be made six months after entry of judgment or order or of the proceeding as provided by the Rule, the Rule itself also provides that it *does not limit* the power of a court to entertain an *independent action* for the purpose of setting aside a judgment for fraud upon the court. See *Martínez* v. *Superior Court*, 83 P.R.R. 345 (1961).

■ Whether the question is viewed as one of fraud or deceit upon the court under Rule 49.2, in the service of summons or under the traditional position—applicable to any type of action—that a judgment entered without jurisdiction is absolutely void and, hence, nonexistent in law, it must be concluded, under the applicable classical doctrine, that if the District Court in the action of 1936 did not validly acquire jurisdiction over the persons of plaintiffs herein, the judgment against them is nonexistent and may be challenged at any time, without being subject to the statute of limitations.

Plaintiffs have alleged that substitute summons for them was procured through illegal edicts and through fraud, for the facts set forth in their complaint. In this connection, see our recent decisions in the cases of *Mundo* v. *Fúster*, 87 P.R.R. 343 (Dávila) (1963), and *Suárez* v. *Superior Court*, 88 P.R.R. 133 (Belaval) (1963).

In view of the foregoing concerning the question of prescription, and there being certain facts which must be elucidated with evidence—*cf. Roth* v. *Lugo*, 87 P.R.R. 365 (1963); *García López* v. *Méndez García*, 88 P.R.R. 352 (1963) —summary judgment should not have been rendered.

The summary judgment rendered by the Humacao Part of the Superior Court on June 25, 1962, will be set aside and

the record remanded to that court for trial of the case on the merits and for further proceedings consistent with the statements herein.